1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

KENNETH L. GRANDLUND, an individual, and on behalf of the general public,

12

Plaintiff,

13

vs.

14

CAPITAL ACQUISITIONS & MANAGEMENT COMPANY, an entity of unknown form; FRANK WHITE, an individual, and DOES 1-10, inclusive,

15
16

Defendant.

17

CASE NO. 03-CV-777 WQH (WMc)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

18

HAYES, Judge:

19

### I.    Introduction

20

    The matter before the Court is the review of the Report and Recommendation (doc. no. 106)

21

filed on September 25, 2006 by the Honorable William McCurine Jr., United States Magistrate Judge.

22

The Report and Recommendation set October 10, 2006, as the deadline for either party to file

23

objections. Neither party filed objections. The Court hereby adopts Magistrate Judge Papas's Report

24

and Recommendation in its entirety, and accordingly finds Defendant Frank White, a.k.a. Josh Rausch

25

("Defendant") in civil contempt and strikes his Answer.

26

### II.    Standard of Review

27

    When no objections are filed, the district court may assume the correctness of the findings of

28

fact by the Magistrate Judge and decide the motion on the applicable law. *Campbell v. United States*

*Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).  The failure to file objections relieves the district court of the burden to give *de novo* review to findings of fact; the conclusions of law must be reviewed *de novo*.  *Brilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

### III.   **Background**

Defendant is the only remaining defendant in this lawsuit.  On August 1, 2006, the Court issued an Order scheduling a Status Conference to take place on August 23, 2006.  Defendant failed to appear and failed to notify the Court that he would not attend.  The Court then issued an Order to Show Cause on August 24, 2006, requiring Defendant to provide a written response, and to appear telephonically on September 7, 2006, to show cause as to why he did not attend the August 23, 2006 Status Conference, and why sanction should not be imposed.  Defendant failed to appear or otherwise respond on September 7, 2006.  On that date, the Court issued another Order to Show Cause, requiring Defendant to personally appear on September 22, 2006, which stated, in part: "If Defendant White does not personally attend the OSC hearing on September 22, 2006 or make alternative arrangements to appear telephonically, the Court will recommend that Defendant White's Answer be stricken." (Report and Recommendation (quoting doc. no. 103).)  Defendant again failed to appear, and failed to notify the Court that he would not attend.  Nor has Defendant notified the Court of any change of address.

### IV.   **Ruling of the Court**

As a result of Defendant's failure to comply with these three Court Orders, and pursuant to Federal Rule of Civil Procedure 16(f), Magistrate Judge McCurine recommends that Defendant's Answer be stricken.  Under Rule 16(f), if a party fails to obey a scheduling or pretrial order or if a party fails to appear at a scheduling or pretrial conference, the Court may order sanctions, including striking the parties' pleadings, a sanction made available under Rule 37(b)(2)(C).  Pursuant to Rules 16(f) and 37(b)(2)(C), and in light of the three Orders ignored by Defendant–the last of which specifically warned him that Magistrate Judge McCurine would recommend the striking of his Answer–the Court adopts the Report and Recommendation and **ORDERS** that Defendant White's Answer be stricken.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V.    Conclusion**

For the foregoing reasons, the Court **ADOPTS** the September 25, 2006 Report and Recommendation (doc. no. 106), and **ORDERS** that Defendant White's Answer be stricken.

**IT IS SO ORDERED**.

DATED:  October 19, 2006

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge